UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| NICHOLAS BIRDSONG,<br>*Plaintiff,*<br>v.<br>JACKSONVILLE JAGUARS, LLC<br>*Defendant.* | CASE NO. 3:26-cv-02357- MMH-SJH |

**DEFENDANT JACKSONVILLE JAGUARS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Jacksonville Jaguars, LLC ("Defendant"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 8, hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial (Dkt. 1) (the "Complaint") as follows:

**As To "Introduction"[1]**

1. Defendant denies each and every allegation in Paragraph 1 of the Complaint, except admits, upon information and belief, that Plaintiff identifies as an African American man.

[1] The headings used in this Answer are the headings created by Plaintiff and used in the Complaint.

2. Defendant denies each and every allegation in Paragraph 2 of the Complaint.

3. Defendant denies each and every allegation in Paragraph 3 of the Complaint.

4. The allegations in Paragraph 4 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent any response is required, Defendant denies each and every allegation in Paragraph 4 of the Complaint, except admits that Plaintiff purports to assert claims pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Florida Civil Rights Act ("FCRA").

**As To "Parties, Jurisdiction and Venue"**

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. The allegations in Paragraph 7 constitute conclusions of law to which no responsive pleading is required. To the extent any response is required, Defendant denies each and every allegation in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 constitute conclusions of law to which no responsive pleading is required. To the extent any response is required, Defendant denies each and every allegation in Paragraph 8 of the Complaint.

9. The allegations in Paragraph 9 constitute conclusions of law to which no responsive pleading is required. To the extent any response is required, Defendant denies each and every allegation in Paragraph 9 of the Complaint, except admits that Plaintiff purports to base subject matter jurisdiction over his 42 U.S.C. § 1981 and Title VII claims pursuant to 28 U.S.C. § 1331.

10. The allegations in Paragraph 10 constitute conclusions of law to which no responsive pleading is required. To the extent any response is required, Defendant denies each and every allegation in Paragraph 10 of the Complaint, except admits that Plaintiff purports to base supplemental jurisdiction over his FCRA claims pursuant to 28 U.S.C. § 1367.

11. The allegations in Paragraph 11 constitute conclusions of law to which no responsive pleading is required.

12. The allegations in Paragraph 12 constitute conclusions of law to which no responsive pleading is required.

13. Defendant denies each and every allegation in Paragraph 13 of the Complaint, except admits, upon information and belief, that Plaintiff filed a Charge with the United States Equal Employment Opportunity Commission ("EEOC") bearing Charge No. 510-2025-13360.

14. Defendant denies each and every allegation in Paragraph 14 of the Complaint, except admits that the EEOC issued a Determination and Notice of Rights to Sue dated June 10, 2026.

**As To "General Allegations"**

15. Defendant denies each and every allegation in Paragraph 15 of the Complaint, except admits, upon information and belief, that Plaintiff identifies as a Black man.

16. Defendant denies each and every allegation in Paragraph 16 of the Complaint, except admits that, on or about February 16, 2021, Plaintiff began his employment with Defendant as Director of Digital and Social Media.

17. Defendant denies each and every allegation in Paragraph 17 of the Complaint, except avers that Plaintiff attended the NFL's Club Leadership Summit at New York University, and avers, upon information and belief, that Plaintiff participated in a meet and greet with NFL Commissioner Roger Goodell, along with a number of other employees across various departments.

18. Defendant denies each and every allegation in Paragraph 18 of the Complaint, except admits that Plaintiff's Fall 2023 Performance Review reflects that Plaintiff received an average rating of 4.8 and a manager's rating of "5-Outstanding" in Passion, Innovation, Dedication, and Empowerment, and refers the Court to the performance review for the contents thereof.

19. Defendant denies each and every allegation in Paragraph 19 of the Complaint.

20. Defendant denies each and every allegation in Paragraph 20 of the Complaint.

21. Defendant denies each and every allegation in Paragraph 21 of the Complaint.

22. Defendant denies each and every allegation in Paragraph 22 of the Complaint.

23. Defendant denies each and every allegation in Paragraph 23 of the Complaint.

24. Defendant denies each and every allegation in Paragraph 24 of the Complaint.

25. Defendant denies each and every allegation in Paragraph 25 of the Complaint, except admits that Plaintiff's Fall 2024 Performance Review reflects an average rating of "2 Meets Expectations," and refers the Court to the performance review for the contents thereof.

26. Defendant denies each and every allegation in Paragraph 26 of the Complaint.

27. Defendant denies each and every allegation in Paragraph 27 of the Complaint, except avers that Plaintiff submitted a written "rebuttal" to his Fall

2024 Performance Review and refers the Court to the "rebuttal" for the contents thereof.

28. Defendant denies each and every allegation in Paragraph 28 of the Complaint.

29. Defendant denies each and every allegation in Paragraph 29 of the Complaint.

30. Defendant denies each and every allegation in Paragraph 30 of the Complaint.

31. Defendant denies each and every allegation in Paragraph 31 of the Complaint, except avers that Plaintiff received a 3% salary increase effective March 23, 2025, and that, on or about April 7, 2025, Defendant posted a Digital Operations Coordinator position.

32. Defendant denies each and every allegation in Paragraph 32 of the Complaint, except admits that during the week of April 22, 2025, Defendant was ranked No. 1 among all NFL clubs with respect to social media total follower growth and total video views.

33. Defendant denies each and every allegation in Paragraph 33 of the Complaint.

34. Defendant denies each and every allegation in Paragraph 34 of the Complaint.

35. Defendant denies each and every allegation in Paragraph 35 of the Complaint.

36. Defendant denies each and every allegation in Paragraph 36 of the Complaint.

37. Defendant denies each and every allegation in Paragraph 37 of the Complaint.

38. Defendant denies each and every allegation in Paragraph 38 of the Complaint.

39. Defendant denies each and every allegation in Paragraph 39 of the Complaint.

40. Defendant denies each and every allegation in Paragraph 40 of the Complaint.

41. Defendant denies each and every allegation in Paragraph 41 of the Complaint.

42. Defendant denies each and every allegation in Paragraph 42 of the Complaint.

43. Defendant denies each and every allegation in Paragraph 43 of the Complaint.

44. Defendant admits that Plaintiff's employment with Defendant was terminated on or about May 5, 2025.

45. Defendant denies each and every allegation in Paragraph 45 of the Complaint, except admits that Johnson and others met with Plaintiff on May 5, 2025 and avers that Plaintiff was informed that his employment was terminated during that meeting.

46. Defendant denies each and every allegation in Paragraph 46 of the Complaint.

47. Defendant denies each and every allegation in Paragraph 47 of the Complaint.

48. Defendant denies each and every allegation in Paragraph 48 of the Complaint.

49. Defendant denies each and every allegation in Paragraph 49 of the Complaint, except admits that Charlie Jordan remained employed with Defendant after Plaintiff's employment was terminated, and avers that Mr. Jordan was promoted in March 2026.

**As To "Count I – Violation of 42 U.S.C. § 1981 (Race Discrimination)"**

50. Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

51. The allegations in Paragraph 51 constitute conclusions of law to which no responsive pleading is required. To the extent any response is required,

Defendant denies each and every allegation in Paragraph 51 of the Complaint, except admits, upon information and belief, that Plaintiff identifies as Black.

52. Defendant denies each and every allegation in Paragraph 52 of the Complaint.

53. Defendant denies each and every allegation in Paragraph 53 of the Complaint.

54. Defendant denies each and every allegation in Paragraph 54 of the Complaint.

55. Defendant denies each and every allegation in Paragraph 55 of the Complaint.

56. Defendant denies each and every allegation in Paragraph 56 of the Complaint.

57. Defendant denies each and every allegation in Paragraph 57 of the Complaint.

58. Defendant denies each and every allegation in Paragraph 58 of the Complaint.

59. Defendant denies each and every allegation in Paragraph 59 of the Complaint.

60. Defendant denies each and every allegation in Paragraph 60 of the Complaint.

**<u>As To "Count II – Violation of 42 U.S.C. § 1981 (Retaliation)"</u>**

61. Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

62. The allegations in Paragraph 62 constitute conclusions of law to which no responsive pleading is required. To the extent any response is required, Defendant denies each and every allegation in Paragraph 62 of the Complaint.

63. Defendant denies each and every allegation in Paragraph 63 of the Complaint.

64. Defendant denies each and every allegation in Paragraph 64 of the Complaint.

65. Defendant denies each and every allegation in Paragraph 65 of the Complaint.

66. Defendant denies each and every allegation in Paragraph 66 of the Complaint.

67. Defendant denies each and every allegation in Paragraph 67 of the Complaint.

68. Defendant denies each and every allegation in Paragraph 68 of the Complaint.

69. Defendant denies each and every allegation in Paragraph 69 of the Complaint.

**<u>As To "Count III – Violation of Title VII (Race Discrimination)"</u>**

70. Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

71. The allegations in Paragraph 71 constitute conclusions of law to which no responsive pleading is required. To the extent any response is required, Defendant denies each and every allegation in Paragraph 71 of the Complaint, except admits, upon information and belief, that Plaintiff identifies as Black.

72. Defendant denies each and every allegation in Paragraph 72 of the Complaint.

73. Defendant denies each and every allegation in Paragraph 73 of the Complaint.

74. Defendant denies each and every allegation in Paragraph 74 of the Complaint.

75. Defendant denies each and every allegation in Paragraph 75 of the Complaint.

76. Defendant denies each and every allegation in Paragraph 76 of the Complaint.

77. Defendant denies each and every allegation in Paragraph 77 of the Complaint.

78. Defendant denies each and every allegation in Paragraph 78 of the Complaint.

**As To "Count IV – Violation of Title VII (Retaliation)"**

79. Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

80. The allegations in Paragraph 80 constitute conclusions of law to which no responsive pleading is required. To the extent any response is required, Defendant denies each and every allegation in Paragraph 80 of the Complaint.

81. Defendant denies each and every allegation in Paragraph 81 of the Complaint.

82. Defendant denies each and every allegation in Paragraph 82 of the Complaint.

83. Defendant denies each and every allegation in Paragraph 83 of the Complaint.

84. Defendant denies each and every allegation in Paragraph 84 of the Complaint.

85. Defendant denies each and every allegation in Paragraph 85 of the Complaint.

86. Defendant denies each and every allegation in Paragraph 86 of the Complaint.

**<u>As To "Count V – Violation of FCRA (Discrimination)"</u>**

87. Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

88. The allegations in Paragraph 88 constitute conclusions of law to which no responsive pleading is required. To the extent any response is required, Defendant denies each and every allegation in Paragraph 88 of the Complaint, except admits, upon information and belief, that Plaintiff identifies as Black.

89. Defendant denies each and every allegation in Paragraph 89 of the Complaint.

90. Defendant denies each and every allegation in Paragraph 90 of the Complaint.

91. Defendant denies each and every allegation in Paragraph 91 of the Complaint.

92. Defendant denies each and every allegation in Paragraph 92 of the Complaint.

93. Defendant denies each and every allegation in Paragraph 93 of the Complaint.

94. Defendant denies each and every allegation in Paragraph 94 of the Complaint.

95. Defendant denies each and every allegation in Paragraph 95 of the Complaint.

**<u>As To "Count VI – Violation of FCRA (Retaliation)"</u>**

96. Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

97. The allegations in Paragraph 97 constitute conclusions of law to which no responsive pleading is required. To the extent any response is required, Defendant denies each and every allegation in Paragraph 97 of the Complaint.

98. Defendant denies each and every allegation in Paragraph 98 of the Complaint.

99. Defendant denies each and every allegation in Paragraph 99 of the Complaint.

100. Defendant denies each and every allegation in Paragraph 100 of the Complaint.

101. Defendant denies each and every allegation in Paragraph 101 of the Complaint.

102. Defendant denies each and every allegation in Paragraph 102 of the Complaint.

103. Defendant denies each and every allegation in Paragraph 103 of the Complaint.

**As To "Request for Relief"**

104. Paragraph 104 of the Complaint and subparagraphs A, B, C, D, E, and F of Paragraph 104 constitute a prayer for relief, to which no response is required. To the extent any response is required, Defendant denies each and every allegation in Paragraph 104 of the Complaint and subparagraphs A, B, C, D, E, and F thereof, and specifically denies that Plaintiff is entitled to any relief whatsoever.

**As To "Jury Trial Demand"**

105. The "Jury Trial Demand" constitutes a conclusion of law to which no responsive pleading is required. To the extent any response is required, Defendant denies each and every allegation in the "Jury Trial Demand."

**GENERAL DENIAL**

Defendant denies each and every allegation in the Complaint not specifically admitted.

**AFFIRMATIVE DEFENSES**

As and for separate affirmative defenses to the Complaint, and without conceding that Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges the following specific defenses.

**FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, because they fail to state a cause of action upon which relief may be granted or for which the damages sought may be awarded.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or court or administrative agency filing period(s). Moreover, Plaintiff's Title VII and FCRA claims are barred, in whole or in part, to the extent Plaintiff failed to satisfy applicable statutory or administrative prerequisites, and any such claims are limited to the scope of a timely filed charge of discrimination.

**THIRD DEFENSE**

To the extent Plaintiff filed a complaint with the Florida Commission on Human Relations, or any other administrative agency arising from the same facts, his claims may be barred, in whole or in part, by the relevant election of remedies provisions, including, but not limited to, those of the Florida Civil Rights Act.

**FOURTH DEFENSE**

Defendant acted reasonably and in good faith and based on legitimate nondiscriminatory, non-retaliatory reasons with respect to Plaintiff at all times pertinent hereto. All of Defendant's actions were taken for legitimate, non-discriminatory, non-retaliatory business reasons.

**FIFTH DEFENSE**

To the extent that Plaintiff is able to prove to the satisfaction of the trier of fact that any improper motive was a factor in relevant decisions (which Defendant denies), Defendant would have made the same decisions regarding Plaintiff regardless of any alleged improper motive.

**SIXTH DEFENSE**

Plaintiff did not suffer any damages attributable to any actions of Defendant. To the extent Plaintiff has suffered injury, which Defendant expressly denies, subject to proof through discovery, any such injury is the result of acts or omissions of Plaintiff, and not any act or omission of Defendant.

**SEVENTH DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which an award of damages, including, but not limited to, back and/or front pay, compensatory damages, liquidated damages, punitive damages, and/or attorneys' fees, can be granted.

**EIGHTH DEFENSE**

Plaintiff is not entitled to the recovery of punitive damages because, at all relevant times, including before the alleged conduct that forms the basis of Plaintiff's claims, Defendant engaged in good faith efforts to comply with all laws prohibiting discrimination and retaliation in employment and did not ratify,

authorize, or acquiesce in any malicious, willful, or reckless act. Any award of punitive damages would violate Defendant's rights under the Florida and U.S. Constitutions.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, or his recoverable damages should be reduced, because he has failed to use reasonable diligence to mitigate his alleged damages. Any alleged damages claimed by Plaintiff to be due and owing are subject to offset by any earnings or other income he has received.

**TENTH DEFENSE**

Subject to proof through discovery, Plaintiff's claims for damages are barred in whole or in part by the after-acquired evidence doctrine.

**ELEVENTH DEFENSE**

Plaintiff's claims in the Complaint are barred, in whole or in part, by the doctrines of equitable estoppel, laches, waiver, and/or unclean hands.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not engage in protected activity within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, or the Florida Civil Rights Act.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the individuals responsible for the decisions of which Plaintiff complains were unaware of any alleged protected activity by Plaintiff at the time of such decisions.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because there is no causal connection between any purported protected activity and the alleged adverse action experienced by Plaintiff.

## FIFTEENTH DEFENSE

Plaintiff's recovery, if any, is subject to all applicable statutory limitations and caps.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer and assert additional defenses and/or supplement, alter or change the Answer and Separate Defenses upon completion of appropriate investigation and discovery.

WHEREFORE, Defendant Jacksonville Jaguars, LLC respectfully requests that judgment be entered dismissing Plaintiff's claims in their entirety with prejudice, awarding Defendant attorneys' fees, together with such other, further, and different relief as the Court deems just and proper and the costs and disbursements of this action.

Date: October 1, 2026

Respectfully submitted,

*/s/ Jurate Schwartz*
Jurate Schwartz, Esq.
PROSKAUER ROSE LLP
2255 Glades Road, Suite 421 Atrium
Boca Raton, FL 33431-7360
Tel: (561) 241-7100

Elise M. Bloom, Esq. (*special admission pending*)
Lead Counsel
Michelle A. Annese, Esq. (*special admission pending*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000
ebloom@proskauer.com
mannese@proskauer.com

*Attorneys for Defendant, Jacksonville Jaguars, LLC*